The trial court did err in its failure to grant a continuance when the State did not furnish the recorded statement of witness Aaron Thomas until the day before trial. With all due respect to the majority opinion, it states unequivocally that the guidelines of Box v. State, 610 So.2d 1148, 1154 (Miss. 1992), were not followed in this case. However, in a footnote to that statement, the opinion proceeds to set out that the guidelines *Page 1394 
were followed by everyone but the trial judge. I would reverse and remand this case for a new trial on this ground.
Furthermore, the prosecuting attorney committed reversible error not only by commenting on the failure of the defendant to testify but in stating what the defendant should have said if he was innocent and had been put on the stand. Also, the prosecuting attorney made the following direct comment: "my apology is going to be if he walks out of here and goes wherever he goes, which you didn't hear any proof about any of where he is going when he gets out of here." The majority does correctly point out that the Mississippi and U.S. Constitutions provide that no person may be compelled to take the witness stand against himself and that prosecutors are prohibited from making direct comments on defendant's failure to testify. They are also precluded from referring to defendant's failure to testify by innuendo and insinuation. Wilson v. State, 433 So.2d 1142, 1146 (Miss. 1983). This Court has for years balanced the constitutional right of the defendant with a rule that attorneys are to be given wide latitude in making closing arguments. In my opinion, each case in which this Court has made that pronouncement is patently wrong on its face. An attorney has no right that counterbalances the constitutional right of the defendant, and no court with any respect for the Constitution should solemnly announce that some non-existent right of a lawyer to wax eloquent in a closing argument is anywhere remotely equal to a solemn constitutional right provided to a defendant in a criminal case. I would overrule that entire line of case law.
I disagree with the remaining conclusions of the majority opinion about the prosecutor's comments not being a comment on the defendant's failure to testify by innuendo and insinuation; they clearly were, and I would reverse the case on this assignment as well.
I respectfully dissent.
HAWKINS, C.J., and McRAE, J., join this opinion.